# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS BAIR, et al., : | |
| : | |
| Plaintiffs : | |
| : | CIVIL ACTION NO. 1:04-CV-1357 |
| v. : | |
| : | (Chief Judge Kane) |
| FRANCIS PURCELL, et al., : | |
| : | |
| Defendants : | |

## **MEMORANDUM**

Before the Court is Plaintiffs' motion for attorneys' fees.[1] (Doc No. 161.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be granted in part.

## I.    BACKGROUND[2]

After a nine day trial in the above-captioned matter, the jury returned a verdict in favor of Plaintiffs on three claims, including Patrice Bair's wage payment and collection claim brought in Count VII of the amended complaint. (Doc. No. 158.) The Court rendered a verdict in favor of Curtis Bair on his breach of fiduciary duty claim advanced in Count III of the amended complaint because it is equitable in nature. (Doc. No. 185.) Plaintiffs seek to recover reasonable attorney fees on these claims. (Doc. No. 161.) The Court initially determined that Plaintiffs' fee petition

---

[1] Two additional motions are also pending in this matter. The first is a motion to amend or correct the judgment filed by the Plaintiffs. (Doc. No. 187.) In this motion, Plaintiffs ask that the Court amend the judgment entered on Count I to reflect that both Defendants Francis Purcell and Appalachian Baking Company are jointly and severally liable for the damage award on that Count. The Court will grant this motion.
  The second motion is a request to stay proceedings recently filed by Defendants. (Doc. Nos. 208; 210.) After considering the motion and Plaintiffs' response, the Court will deny this request.

[2] A more complete recitation of the factual and procedural background of this case can be found in the Court's memorandum and order directing judgment in favor of Curtis Bair on his breach of fiduciary duty claim. (Doc. No. 185.)

was inadequate to assess whether the hours worked were reasonable for the work performed and ordered the Plaintiffs to supplement the petition (Doc. No. 185 at 28-29), which they have done (Doc. No. 190). In their supplemented petition, the Plaintiffs claim $200,797.77 in attorneys' fees and costs accrued as a result of this litigation.[3]

## II.  DISCUSSION

It is well established under the "American Rule" that ordinarily "the prevailing party may not recover attorneys fees as costs or otherwise." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 245 (1975). This general rule is subject to several exceptions, including the two raised by the Plaintiffs in this case: bad faith and fee shifting statutes. See id. at 257-258. The Court will evaluate the Plaintiffs' arguments for fees under both of these exceptions in turn.

### A. Bad Faith

Plaintiff Curtis Bair makes a claim for attorneys' fees for his breach of fiduciary duty and minority shareholder oppression claim under the Court's equitable jurisdiction. (Doc. No. 162 at 7.) It is well established that the courts have inherent power to award attorneys' fees in certain situations, such as when "the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." Alyeska Pipeline, 421 U.S. at 258. "Where the behavior of a litigant has reflected a willful and persistent 'defiance of the law,' a court of equity has the power to charge an adverse party with plaintiff's counsel fees as well as court costs." Straub v. Vaisman

---

[3] In paragraph six of the supplemental affidavit submitted by Plaintiffs' counsel James J. West (Doc. No. 190-1), he states that attorney Robert R. Long, Jr., billed $32,083.45 in fees and costs, evidenced in the billing records attached at as Exhibit D to the affidavit (Doc. No. 190-4 Ex. D). Exhibit D, however, reflects a total invoice of $34,754.47 for Mr. Long between October 2006 and March 2008. (Id.) This discrepancy appears to result from a typographical error on the summary sheet of the billing records for the date of October 11, 2007, which reflects a $2,696.02 charge for .2 hours of lawyer time. (Id.) Page D-3 of the exhibit shows the detailed charge for that date, and reflects only a $25.00 charge for the .2 hours of lawyer time. Correcting the typographical error removes the discrepancy, so the Court will utilize the figure stated in Mr. West's affidavit.

& Co., Inc., 540 F.2d 591, 599 (3d Cir. 1976) (quoting Kahan v. Rosentiel, 424 F.2d 161, 167 (3d. Cir 1970).  Most typically, attorneys' fees have been awarded on this basis for conduct occurring during litigation.  Id. at 600.  In some cases, however, fees have been awarded for "vexatious conduct which occurred before litigation actually commenced" and "activity which formed the basis for the suit."  Id. (internal citations omitted).  Awarding fees on the basis of the bad faith exception is punitive in nature.  See Keck v. Commercial Union Ins. Co., 758 F. Supp. 1034, 1041 (M.D. Pa. 1991).  This standard is therefore quite stringent; courts have noted that attorney fees for bad faith are not necessarily available even when punitive damages have been awarded on the claim.  See id.

Plaintiffs assert this is a case that warrants the exceptional remedy of attorneys' fees for bad faith, especially considering the Purcell's outrageous conduct in their dealings with Curtis Bair.  (Doc. No. 202 at 4-6.)  Defendants argue that a further punitive award of attorneys' fees would be inequitable under the circumstances, considering the substantial award Curtis Bair has already received and the deteriorating finances of Defendants Francis and Norma Purcell.  (Doc. No. 191 at 2-5.)

The Court must agree with the Defendants that a further punitive award of attorneys' fees is unjustified in this case.  Though their defense was ultimately unsuccessful, the Court certainly cannot say that the Defendants' engaged in any conduct constituting bad faith during the course of this extended and complex litigation.  Indeed, Defendants' motions resulted in the dismissal or narrowing of several counts in the amended complaint.  (See Doc. No. 87.)  Certainly, as the Court's findings of fact and law make clear, Francis and Norma Purcell engaged in outrageous conduct forming the basis for this lawsuit, including the use of manipulation and deception to

3

deter Plaintiffs from enforcing their legal rights. Despite this, the Court has already crafted an equitable judgment on this claim. This judgment included full compensation for Curtis Bair's loss of ownership interest in Appalachian Baking, prejudgment interest at a rate of six percent on that ownership interest, and $750,000 in punitive damages. The Court finds that this judgment fully compensates Curtis Bair and appropriately punishes the outrageous conduct of the Purcells. As such, the Court will not further award Curtis Bair attorneys' fees on this claim.

### B. Pennsylvania Wage Payment and Collection Law

Plaintiff Patrice Bair makes a claim for attorneys' fees under Pennsylvania's Wage Payment and Collection Law ("WPCL"). 43 Pa. Stat. Ann. §§ 260.1-260.11. The WPCL provides, *inter alia*, that "[t]he court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant." 43 Pa. Stat. Ann. 260.9a. Here, the jury found that Defendant Appalachian Baking Company ("Appalachian Baking") failed to timely pay Plaintiff Patrice Bair $855.19 in wages she had earned while an employee of the company. (Doc. No. 158.) The jury additionally found that Appalachian Baking did not have a good-faith basis to dispute their obligation to pay these wages, which entitled Patrice Bair to liquidated damages on the claim. (Id.)

Given the jury's verdict, Patrice Bair is entitled to an award of attorneys' fees. See Oberneder v. Link Computer Corp., 696 A.2d 148, 206 (Pa. 1997) ("[A]n award of attorneys' fees to a prevailing employee in an action brought under the [WPCL] is mandatory."). Despite this, the WPCL "only mandates an award of reasonable attorneys' fees. Courts retain discretion to determine the amount of the fees owed." Id. at 206 n.4.

In application of a fee-shifting statute such as the WPCL, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Performing this calculation will provide the "lodestar" figure, which is presumed to be a reasonable fee for the matter. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The party seeking the attorneys' fees has the burden to prove that the requested attorney's fees are reasonable, which initially requires the fee petitioner to "submit evidence supporting the hours worked and the rates claimed." Id. at 1183; E.E.O.C. v. Federal Express Corp., 537 F. Supp. 2d. 700, 721 (M.D. Pa. 2005) (citing Hensley, at 433). This fee petition must be detailed and specific enough for the district court to ascertain whether the hours claimed are unreasonable for the work performed and should include "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." Rode, 892 F.2d at 1190. (quoting Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanatory Corp., 487 F.2d 161, 167 (3d Cir. 1973)). Despite this, "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." Id. Finally, The Third Circuit has held that a district court cannot decrease a fee award based on factors not raised by the adverse party. Rode, 892 F.2d at 1188 (quoting Cunningham v. City of McKeesport, 753 F.2d 262, 267 (3d Cir. 1985) ("[A] district court could not disregard the uncontested affidavits of the fee applicant when the party opposing the fee request had an opportunity to 'raise a material fact issue as to the accuracy of the representations as to hours spent, or the necessity for their expenditure.'").

### 1. Hourly Rate

An hourly rate is reasonable if the fee applicant demonstrates by evidence, in addition to the fee applicant's own affidavit, that the suggested rate is comparable to the current "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). As the Court discussed in its prior memorandum, Defendants have not challenged the claimed hourly rate by Plaintiffs' attorneys James J. West and Robert R. Long, Jr. Mr. West has submitted his resume and qualifications along with a declaration from attorney David R. Fine, providing evidence that the claimed hourly rates of $225 per hour for Mr. West and $175 per hour for co-counsel Robert R. Long, Jr. are reasonable for the legal market in this district. (Doc. No. 162, Ex. 1-2.) Mr. West further represents in his affidavit that the billable rates charged to the Plaintiffs were discounted significantly at various points on account of the Plaintiffs' financial condition.[4] (Doc. No. 190-1 ¶¶ 4-6.) This resulted in the following effective billing rates during the course of the litigation: $130.93 per hour for both Mr. West and Mr. Long between November 2003 through May 2006; $168.79 per hour for Mr. Long after May 2006; and $213.66 per hour for Mr. West after May 2006.[5] (Id.) Considering Plaintiffs' submissions and the lack of contrary evidence from Defendants, the Court finds the claimed rates reasonable.

Defendants have also not challenged the claimed $65 per hour rate for paralegal services paid by the Plaintiffs. The Court finds that this is a reasonable hourly rate for paralegal services

---

[4] Plaintiffs have suggested the use of effective rates because they represent in their brief that they only seek a lodestar amount to reflect the actual discounted amounts billed during the litigation. (Doc. No. 162-1 at 4 n.2.) The Court will therefore utilize the discounted billing rates for Mr. West and Mr. Long in the lodestar calculation.

[5] The hourly fees for both Mr. West and Mr. Long changed after May 2006 because Mr. West and Mr. Long split up their practice while continuing to work jointly on Plaintiffs' case. (Doc. No. 162-2 ¶ 5.)

in this district. See DIRECTTV, Inc. v Walsh, No. 3:03-CV-072, 2006 WL 3308668, *3 (M.D. Pa. 2006).

### 2. Hours Worked

Plaintiffs' have now submitted a sufficiently detailed fee petition for the Court to evaluate whether the hours claimed are unreasonable for the work performed; the amended fee petition breaks down the hours worked by each attorney with a general description of the tasks performed during those hours. (Doc. No. 190.) For the period between November 2003 and May 2006, Mr. West claims 28.6 hours and Mr. Long claims 651.1 hours, along with an additional 63.05 hours billed for paralegal services. For the period after May 2006, Mr. Long claims 190.05 hours and Mr. West claims 311.2 hours. In reviewing the hours claimed by the Plaintiffs, the Court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Public Interest Research Group of N.J. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995) (quoting Hensley, 461 U.S. at 433).

While arguing generally that the requested fee is unreasonable because the claims comprising this litigation are wholly unrelated, Defendants have not objected to any of the specific hours claimed in Plaintiffs' fee petition or attempted to point out excessive, redundant, or otherwise unnecessary hours expended for the work performed. The Court will therefore not excise any specific hours from the fee petition on the grounds that they were excessive, redundant, or unnecessary. As discussed below, however, the Court does agree with the Defendants that the other claims in this case are unrelated to Patrice Bair's WPCL claim. Unfortunately, the amended fee petition does not provide any basis to distinguish between the

hours worked on various claims so there is no way for the Court to excise hours devoted to unrelated claims. Accordingly, the Court will address this objection with a post-lodestar reduction.

### 3. Lodestar

Having determined the applicable hourly rate and hours reasonably expended on this litigation, the lodestar can be calculated. For the work performed between November 2003 through May 2006, the total lodestar amount for both Mr. West and Mr. Long is $88,993.11.[6] For the period after May 2006, the lodestar amount is $32,078.54 for Mr. Long[7] and $66,490.99[8] for Mr. West. The lodestar amount for paralegal fees is $4,098.25.[9] Accordingly, the total lodestar amount for this litigation is $191,660.89.

### 4. Interrelatedness of the Claims

As mentioned above, the sole basis for statutorily authorized attorney fees in this case is Patrice Bair's success on her WPCL claim. None of the other claims made by Plaintiffs involve a fee-shifting statute. Therefore, the parties focus their arguments on the role of the WPCL claim in this litigation. Patrice Bair argues that success on the WPCL claim entitles her to compensation for the full amount of attorney fees accrued during the course of this litigation. (Doc. No. 162 at 5-7.) Defendants argue that it is "unreasonable and outrageous on its face" for Plaintiffs to claim the total amount of fees accrued solely as a result of Patrice Bair's success on

---

[6] Mr. West: 28.6 hours * $130.93 = 3,744.59. Mr. Long: 651.1 hours * $130.93 = 85,248.52.

[7] 190.05 hours * $168.79 = $32,078.54.

[8] 311.2 hours * $213.66 = 66,490.99.

[9] 63.05 hours * $65 = $4,098.25.

8

the relatively minor WPCL claim. (Doc. No. 167 at 4-7.)

This type of objection to an award of fees more typically arises in cases where a plaintiff brings several claims covered by a fee-shifting statute, such as 42 U.S.C. § 1988, and is successful on some but not all of the claims. In that situation, the Supreme Court has held that the district court must evaluate the interrelatedness of the claims to determine a reasonable fee:

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants . . . counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim. . . .
>
> In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff relation to the hours reasonably expended on the litigation.

Hensley, 461 U.S. at 434-35. The Plaintiffs here were largely successful in the overall litigation and obtained significant relief, but unlike in Hensley success on their other claims does not entitle them to an award of attorneys' fees. Noting this distinction, the Third Circuit has held in a similar case that the district court should still apply the Hensley rationale in determining a reasonable fee for litigation that includes claims that do and do not entitle a prevailing party to attorneys' fees:

> Initially, we recognize that *Hensley* arose in the civil rights context

> and that, under 42 U.S.C. § 1988, prevailing parties are entitled to recover a reasonable attorney's fee. The issue in *Hensley* was distinguishing claims on which the plaintiff was the prevailing party from those on which he was not. Unlike *Hensley*, this case involves claims brought pursuant to three statutes, only two of which provide for attorneys' fees. This case is similar to *Hensley*, however, because the district court attempted to allocate the attorneys' time to the statute under which each claim was raised. *Hensley*, therefore, is instructive. . . .
>
> [T]here is no precise rule or formula for determining the amount of lawyers' services spent on claims raised under different statutes. In such situations, "the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."

Williams v. Tri-County Growers, Inc., 747 F.2d 121, 137 (3d Cir. 1984) (*abrogated on other grounds by* Pullman-Standard v. Swint, 456 U.S. 273, 287 (1982)). Accordingly, a district court confronted with this situation should follow the precepts established in Hensley and "consider the interrelated nature of the lawsuit as a whole." Id.

Besides the WPCL claim, which was solely raised by Patrice Bair, Plaintiffs jointly raised several claims against the various Defendants in their amended complaint: (1) breach of a stock buy-out agreement; (2) breach of employment contract; (3) breach of fiduciary duties; (4) negligent misrepresentation; (5) intentional misrepresentation; (6) equitable estoppel; (8) unjust enrichment; (9) aiding and abetting the breach of fiduciary duties; (10) civil conspiracy; and (11) punitive damages. (Doc. No. 4.) Several of these claims were partially or wholly dismissed by the Court's summary judgment order. (Doc. No. 87.) Patrice Bair's remaining claims at trial were for breach of an employment contract against Appalachian Baking and for violation of the WPCL against Appalachian Baking, Francis Purcell, Norma Purcell, and Jessica Kiely. Curtis Bair's remaining claims at trial were for breach of the stock buy-out agreement against

Defendants Francis Purcell and Appalachian Baking, breach of employment contract against Appalachian Baking, breach of fiduciary duties against Francis and Norma Purcell, and aiding and abetting in the breach of fiduciary duties against Norma Purcell.

Plaintiffs argue that Patrice Bair's WPCL claim is interconnected with the remaining claims in the lawsuit. (Doc. No. 162 at 7.) In support of this argument, Plaintiffs suggest that withholding Patrice Bair's wages was an essential component in the oppression of Curtis Bair as a minority shareholder of Appalachian Baking. (Id.) Plaintiffs also claim that payment of Patrice Bair's wages was frequently discussed in meetings between the parties in trying to settle their dispute. (Id.) Defendants assert that the WPCL claim is "based on completely different facts and legal theories than the remainder of the litigation." (Doc. No. 167 at 6.) Defendants point out that Patrice Bair's testimony on this claim at trial was extremely limited and that she did not raise any alternative legal theories for compensation of her unpaid wages. (Id.) Defendants also argue that this case is distinguishable from those cited by Plaintiffs because Patrice Bair was not even a party to several of Curtis Bair's claims that ended up going to trial. (Id.)

The Supreme Court has recognized that "there is no certain method of determining when claims are 'related' or 'unrelated.'" Hensley, 461 U.S. at 437. Typically, "[e]stablishing relatedness on a claim-by-claim basis in the attorneys' fees context is a fact-intensive determination . . . ." McKenna v. City of Philadelphia, 582 F.3d 447, 457 (3d Cir. 2009). This determination is of "critical importance" in a multi-party case because "[t]he District Court must ensure that a partially successful defendant is not required to provide compensation for an attorney's unrelated efforts on behalf of an unsuccessful plaintiff, or in pursuit of the unsuccessful claims of an only partially victorious plaintiff . . . ." Id. The plaintiff has the

11

burden to establish that time spent pursuing unsuccessful claims contributed in any way to success on the remaining claims. Id. at 457-58.

The Court cannot find that Patrice Bair's WPCL claim is interrelated with the remaining breach of contract and breach of fiduciary duty claims in the litigation for several reasons. The WPCL claim was factually and legally simple. The claim was based on Patrice Bair's allegations that she was not paid for catering commissions and wage due from her last week of work at Appalachian Baking. As the Court instructed the jury, Patrice Bair had to prove three elements to establish the WPCL claim: (1) she was employed by Appalachian Baking during the relevant time period in question; (2) she was entitled to unpaid wages; and (3) Appalachian Baking failed to timely and unconditionally pay her wages. These elements were largely not even in dispute throughout the litigation or at trial. Indeed, Defendants had fully paid the claimed back wages by the time this case was filed, leaving only the propriety of liquidated damages at issue. Appalachian Baking and Francis Purcell contested Patrice Bair's claim for liquidated damages, largely on the basis of an alleged good faith dispute that existed over the accuracy of documentation she supplied to establish her commissions. The simplicity and limited nature of this claim is also clear from the ancillary manner in which it was addressed during the litigation and trial. Plaintiffs themselves state that the breach of fiduciary duty claim comprised a "major portion" of the trial. (Doc. No. 162 at 7.) Based on the Court's review of the record and recollection of the trial, the WPCL claim played a limited role in the proceedings.

The Court also finds that the WPCL claim was not factually or legally interwoven with the other claims in the litigation. Clearly, the other claims in the litigation were not alternative legal theories for compensation of Patrice Bair's unpaid wages. In the breach of the stock buy-

out agreement and breach of fiduciary duty claim, Patrice Bair was not even a party. Her employment contract claim, which was unsuccessful, dealt with her termination from Appalachian Baking. Additionally, none of these claims revolved around the same underlying facts or issues as the WPCL claim. Accordingly, Plaintiffs have failed to show that time spent pursuing these claims would have contributed to success on the WPCL claim; the Court cannot find that the claims are related such that attorneys' fees should be awarded for work on the separate non-fee-shifting claims.

### 5. Post-Lodestar Adjustment

Having found the WPCL claim unrelated to the remaining claims in the litigation, the Court must reduce the lodestar an appropriate amount to account for time spent working on these other claims. As mentioned above, Plaintiffs' fee petition is not specific enough to eliminate hours specifically devoted to the other unrelated claims in this litigation, which leaves a difficult determination for the Court in assessing a reasonable fee award for this matter. The Court will therefore substantially lower the award to ensure Patrice Bair does not receive an excessive fee for the work performed on the WPCL claim. See Hensley v. Eckerhart, 461 U.S. at 437 n.12 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 279 (1st Cir. 1978) ("'As for the future, we would not view with sympathy any claim that a district court abused its discretion in awarding unreasonably low attorney's fees in a suit in which plaintiffs were only partially successful if counsel's records do not provide a proper basis for determining how much time was spent on particular claims.'") The Court disagrees with Defendants' contention that Plaintiffs' motion should be completely denied, however. In the absence of specific time entries, the Court must "reasonably use[] the information available to it to estimate a proper division of time."

13

McKenna, 582 F.3d at 458-59.

As discussed above, the WPCL claim was not legally or factually complex. Despite this, Defendants did raise several challenges to the claim throughout the litigation, which required some significant research, factual development, and briefing by the parties. (See e.g., Doc. Nos. 16 at 4-6; 19 at 4-8; 20 at 1-2; 33 at 25-29; 55 at 23-28.) Additionally, the WPCL claim did require presentation of testimony and exhibits at trial. Finally, counsel clearly expended significant time in preparation, research, and briefing for the present motion. Though the Court has found some deficiencies with the fee petition and will not adopt Plaintiffs' requested award, counsel's time was properly spent in pursuit of the attorneys' fee award to which Patrice Bair is entitled under the WPCL.

Accordingly, the Court has taken into account: counsels' efforts on Patrice Bair's WPCL claim throughout the various stages of this extended litigation, especially in comparison with other claims; the failure to prepare a fee petition that allows the Court to properly excise specific hours devoted solely to unrelated claims and to co-Plaintiff Curtis Bair; the total number of claims brought and resolved in this litigation; and the ultimate result achieved for Patrice Bair. Considering these factors, the Court finds that an 80% reduction of the lodestar is necessary to adequately separate work performed solely towards successful resolution of Patrice Bair's WPCL claim from the remaining unrelated and non-fee-shifting claims brought in this litigation. This results in an overall fee award of $38,322.18 to Patrice Bair, which the Court finds is reasonable for the work performed and the results obtained in this litigation.

### 6. Costs

Plaintiff Patrice Bair also seeks to recover costs expended in pursuit of this action. Both

Plaintiffs have already sought and recovered from the Clerk of Court $9,984.10 for the complaint filing fee, copy service, photocopies, deposition transcripts, witness fees, and mileage with a contemporaneously filed bill of costs under Federal Rule of Civil Procedure 54(d)(1). (Doc. No. 189.) Plaintiffs have correspondingly reduced these taxable costs from their fee petition, leaving a total $9,134.52 request for nontaxable expenses. (Doc. No. 190.)

Rule 54(d)(2) provides that nontaxable expenses may also be claimed in a motion for attorneys' fees where such costs are recoverable. Fed. R. Civ. P. 54(d)(2). Typically, nontaxable expenses "incurred in order for the attorney to be able to render his or her legal services" are recoverable "when it is the custom of attorneys in the local community to bill their clients separately for them . . . ." Abrams v. Lightolier Inc., 50 F.3d 1204, 1225 (3d Cir. 1995). District courts in Pennsylvania have awarded nontaxable expenses under the WPCL and other fee-shifting statutes for such things as: "postage, telephone, expert fees, travel, deposition transcripts, shipping, parking, lodging and food." Bowers v. Foto-Wear, Inc., No. 3:CV-03-1137, 2007 WL 4086339 *5 (M.D. Pa. 2007) (citing David v. AM Intern., 131 F.R.D. 86, 90 (E.D. Pa. 1990).

Defendants have not specifically challenged any of the claimed nontaxable expenses claimed by the Plaintiffs as unreasonable or unrecoverable generally. As with the attorney fees, however, the fee petition has not adequately broken down the expenses such that the Court can allocate them to the WPCL claim. Accordingly, the Court will reduce the requested cost award by 80% to account for expenses incurred in litigating unrelated claims. This results in an overall award of $1,826.90 in nontaxable expenses.

### III. CONCLUSION

For the foregoing reasons, the Court will grant in part Plaintiffs' motion for attorneys'

fees. An order consistent with this memorandum will follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS BAIR, et al., : | |
| : | |
| Plaintiffs : | |
| : | CIVIL ACTION NO. 1:04-CV-1357 |
| v. : | |
| : | (Chief Judge Kane) |
| FRANCIS PURCELL, et al., : | |
| : | |
| Defendants : | |

# ORDER

**AND NOW**, this 17th day of August 2010, upon consideration of Plaintiffs' motion to amend and correct judgment (Doc. No. 187), filed in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

- Defendants' motion to stay proceedings (Doc. No. 208) is **DENIED**.

- Plaintiffs' motion to Amend and Correct Judgment (Doc. No. 187) is **GRANTED**. The Clerk of Court is directed to amend the original judgment entered in this matter on March 17, 2009 (Doc. No. 186), to show that the $203,000 in damages awarded in Count I is entered as a judgment against both Francis Purcell and Appalachian Baking Company, Inc.

Additionally, upon consideration of Plaintiffs' motion for attorneys' fees (Doc. No. 161), and for the reasons set forth in the Court's memorandum opinion filed herewith **IT IS FURTHER ORDERED THAT**:

- Curtis Bair's request for an award of attorneys' fees under this Court's equitable jurisdiction is **DENIED**;

17

- Patrice Bair's request for attorneys' fees under the Pennsylvania Wage Payment and Collection law is **GRANTED IN PART**. The Clerk of Court is directed to enter judgment awarding Patrice Bair $40,149.08 on Count VII (Wage Payment and Collection Law). Appalachian Baking Company and Francis Purcell are liable for this amount.

     S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania